UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL McCLAIN,

    Plaintiff,

v.                                    Civil Case No. 19-12722
                                         Honorable Linda V. Parker

FORD MOTOR COMPANY,

    Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT [36]

Plaintiff, Crystal McClain, worked for Defendant, Ford Motor Company, from 2012 to 2019. She brings this civil rights lawsuit for discrimination she allegedly experienced in the course of her employment at Defendant's Woodhaven, Michigan, Stamping Plant between 2017 and 2019.

Before the Court is Plaintiff's Motion for Leave to File a First Amended Complaint, filed March 25, 2021. (ECF No. 36). It has been fully briefed. (ECF No. 38; ECF No. 39). Pursuant to L.R. 7.1(f)(2), the Court finds the Motion [36] appropriate for determination without a hearing.

For the reasons articulated below, the Motion [36] will be **GRANTED in part and DENIED in part**.

## BACKGROUND

Plaintiff is a Black woman who was employed by Defendant at various automobile production facilities from March 2012 until her termination in December 2019. (ECF No. 39-2; ECF No. 39-4, PageID.372). Plaintiff alleges that her problems at work began in December 2017, two months after she transferred from Defendant's Chicago Assembly Plant to its Woodhaven, Michigan, Stamping Plant, and that they intensified the following year. (Compl. ¶¶ 11, 18).

For example, Plaintiff alleges that her superior, Kyle, approached her in July 2018 and told her she was not allowed to sit while working, despite the fact that she had seen male co-workers be permitted to sit. (*Id.* ¶ 16). Plaintiff further alleges that, a few months later, Kyle began treating her poorly after she complained about a co-worker who was making crude sexual comments and showing her explicit photographs on his mobile phone. (*Id.* ¶¶ 18-28).

On October 30, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment, retaliation for internally reporting that harassment, and a hostile work environment. (ECF No. 38-2). One month later, on November 29, 2018, Plaintiff amended her charge to include discrimination based on race. (ECF No. 39-2). On July 10, 2019, Plaintiff filed a second EEOC charge alleging continued retaliation, as well as

discrimination based on race and disability. (ECF No. 39-1). The EEOC issued a Notice of Right to Sue for each charge on October 1, 2019. (ECF No. 38-5).

Plaintiff commenced this action on September 17, 2019, alleging retaliation, disparate treatment, and hostile work environment claims under Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), as well as disparate treatment and duplicative hostile work environment claims[1] under Title VII of the Civil Rights Act of 1964. Although Plaintiff's Complaint detailed examples of sexual harassment, differential treatment as compared to male employees, failure by management to respond to complaints, and retaliation, it did not mention the race and disability discrimination she alleged in her November 2018 and July 2019 EEOC charges.

On December 19, 2019, two months after Plaintiff initiated this litigation, she was fired. The reasons for her termination are disputed. According to Defendant, Plaintiff was terminated for testing positive for marijuana in a drug test administered by Defendant's medical personnel on December 12, 2019. (ECF No. 38, PageID.203). According to Plaintiff, who underwent independent urine and hair testing at medical facility on December 12 and 13, 2019, there was no marijuana in her system. (ECF No. 39, PageID.327).

---

[1] Counts IV and VI of Plaintiff's initial Complaint contained identical Title VII hostile work environment claims. At the scheduling conference on November 14, 2019, Plaintiff's counsel acknowledged this drafting error and explained that Count VI was actually meant to be a Title VII *retaliation claim* so that Plaintiff's federal claims mirrored her state claims. (ECF No. 38, PageID.202).

On March 25, 2021, following a lengthy COVID-related stay and several extensions of the Court's initial Scheduling Order [11], Plaintiff moved for leave to amend her complaint pursuant to FED. R. CIV. P. 15(a)(2). (ECF No. 36). Plaintiff's Proposed First Amended Complaint corrects the omission of her Title VII retaliation claim, adds a race discrimination component to her ELCRA and Title VII claims, details the events leading up to her termination, and alleges four new claims: violation of the Americans with Disabilities Act ("ADA"), violation of the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), violation of the Michigan Whistleblowers' Protection Act ("WPA"), and termination in violation of public policy. (ECF No. 36-2).

Because some of Plaintiff's allegations involve events that took place after her initial Complaint was filed, her Motion [36] will be construed as requesting both leave to amend pursuant to FED. R. CIV. P. 15(a)(2) and leave to supplement pursuant to FED. R. CIV. P. 15(d). *See United States ex rel. Lynn v. City of Detroit*, No. 17-14168, 2022 U.S. Dist. LEXIS 9108, at *8 (E.D. Mich. Jan. 18, 2022).

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that leave to amend should be "freely" granted "when justice so requires." FED. R. CIV. P. 15(a)(2). *See generally Foman v. Davis*, 371 U.S. 178, 182 (1962). Despite this "liberal amendment policy," *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002), amendment may be

4

inappropriate where there is "undue delay or bad faith in filing the motion, repeated failures to cure previously-identified deficiencies, futility . . . , [or a] lack of notice or undue prejudice to the opposing party." *Knight Capital Partners Corp. v. Henkel AG & Co.*, 930 F.3d 775, 786 (6th Cir. 2019). "[T]he same standard of review and rationale appl[ies]" to requests for leave to supplement under FED. R. CIV. P. 15(d). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002); *see Bromley v. Mich. Educ. Ass'n-NEA*, 178 F.R.D. 148, 154 (E.D. Mich. 1998).

## ANALYSIS

Defendant argues that Plaintiff unduly delayed in requesting leave to amend, that it would be unduly prejudiced if Plaintiff were permitted to proceed with her proposed amendments, and that, in any case, Plaintiff's proposed amendments are futile. (ECF No. 38, PageID.207). Defendant is partially correct as to futility.

### I.   Undue Delay and Undue Prejudice

At the time Plaintiff filed her initial Complaint, she was aware of her race and disability discrimination claims, as well as her allegations involving the period from November 2018 to July 2019. She offers no explanation for why she failed to raise these claims and allegations in her initial Complaint, nor why she waited more than seven months after the Court lifted its stay to seek leave to amend. Similarly, Plaintiff has had many months to request permission to add supplemental allegations

5

and claims relating to her termination. Instead, she waited to file this Motion [36] until after discovery had closed and deadlines had been extended several times.

Nevertheless, the law is clear in the Sixth Circuit that "unjustified delay alone is not a sound basis upon which a district court can refuse to grant leave to amend." *Moore v. Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). And here, because the delay is not so extreme as to have "plac[ed] an unwarranted burden on the [C]ourt," *Morse*, 290 F.3d at 800 (quoting *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984)), Plaintiff's Motion [36] will only be denied on non-futility grounds if Defendant can demonstrate "some *significant* showing of prejudice." *Moore*, 790 F.2d at 562 (emphasis added). Defendant cannot do so.

Defendant has been on notice of Plaintiff's race and disability discrimination claims since Plaintiff filed charges with the EEOC. Indeed, in its September 2019 correspondence with the EEOC, Defendant argued that it had already "thoroughly investigated [Plaintiff's] numerous complaints and allegations" relating to race and disability discrimination. (ECF No. 39-5, PageID.458). Moreover, Defendant has been aware that Plaintiff intended to amend her Complaint to include a Title VII retaliation claim since at least November 14, 2019, and has already prepared to defend a virtually identical claim under ECLRA. (ECF No. 38, PageID.202). The fact that Defendant has long been on notice of these allegations and claims weighs heavily against a finding of undue prejudice. *See, e.g., Peterson v. Outback*

6

*Steakhouse, Inc.*, No. 15-13980, 2018 U.S. Dist. LEXIS 5074, at *5 (E.D. Mich. Jan. 11, 2018) (permitting amendment of complaint two years after filing because defendant was on notice of claims through its insurance company).

In addition, while the Sixth Circuit has acknowledged that reopening discovery can often be unduly prejudicial, *see Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999), it is not the hard rule that Defendant makes it out to be. *See, e.g.*, *Brimmeier v. Demaria Bldg. Co.*, Civil Action No. 20-CV-10426, 2021 U.S. Dist. LEXIS 138433, at *5 (E.D. Mich. July 26, 2021) (permitting amendment after the close of discovery despite a pending motion for summary judgment). Here, unlike in *Duggins*, dispositive motions have not yet been filed and Defendant has already investigated and begun preparing defenses to many of the allegations Plaintiff now seeks to plead. Against this backdrop, it is clear that Defendant's concerns about an "entirely avoidable 'second round' of litigation," are overstated. (ECF No. 38, PageID.210). To the extent additional discovery is necessary, it is unlikely to be as burdensome as Defendant contends.

In sum, although granting Plaintiff's Motion [36] may slightly prejudice Defendant, this prejudice can be mitigated by the extension of deadlines and, in any case, does not outweigh "the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). The Court next addresses futility.

## II.     Futility

"A proposed amendment is futile if [it] . . . could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). According to Defendant, several of Plaintiff's proposed amendments are futile on exhaustion, timeliness, or preemption grounds, or for failure to state a claim. (ECF No. 38, PageID.213-18). The Court will address each of these arguments in turn.

### A. Exhaustion

> [A]n employee alleging employment discrimination in violation of [Title VII or the ADA] must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts. *See* 42 U.S.C. § 2000e-5(e)(1). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). As a general rule, a Title VII [or ADA] plaintiff cannot bring claims in a lawsuit that were not included in [their] EEOC charge. *See* 42 U.S.C. § 2000e-5(f)(1); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974).

*Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010).

Defendant contends that "Plaintiff never filed charges with the EEOC regarding failure to accommodate a mental disability or alleging wrongful termination," and that, accordingly, Counts V, VI, and VII of her Proposed First Amended Complaint are futile. (ECF No. 38, PageID.213-14). Defendant is correct as to Count VII.

Count V of Plaintiff's Proposed First Amended Complaint is a claim for disparate treatment under Title VII. (ECF No. 36-2, PageID.176-79). It neither references Plaintiff's termination nor alleges a failure to accommodate. (*Id.*). The same is true of Plaintiff's proposed Count VI, a Title VII retaliation claim premised solely upon the pre-termination allegations in her initial Complaint. (ECF No. 36-2, PageID.179-80). Accordingly, these claims were properly exhausted by Plaintiff's EEOC charges. (ECF No. 38-1; ECF No. 39-1; ECF No. 39-2).

Plaintiff's proposed Count VII is a claim for violation of the ADA. (ECF No. 36-2, PageID.181-82). This claim does allege a failure to accommodate, as Defendant argues, however, it does not explicitly reference a mental disability. (*Id.*). Nevertheless, Defendant contends that "[b]ased on the nature of the accommodation Plaintiff alleges, her claim must be referencing a mental disability." (ECF No. 38, PageID.217). This inference is reasonable, given that the accommodation request at issue—"not having to work with . . . harassers"—appears entirely unrelated to the wrist injury accommodation request Plaintiff described in her July 10, 2019, EOCC charge. (ECF No. 36-2, PageID.181; ECF No. 39-1, PageID.332). Accordingly, because "allegations of discrimination based on totally different disabilities from the one mentioned in the charge" are not properly exhausted, *Davis v. Alhambra Nat'l Water Co.*, No. C-97-3290-VRW, 1999 U.S. Dist. LEXIS 677, at *8 (N.D. Cal. Jan. 20, 1999), Plaintiff's ADA claim is futile. *See, e.g.*, *Schwertfager v. City of Boynton*

*Beach*, 42 F. Supp. 2d 1347, 1369 n.7 (S.D. Fla. 1999) (allegations in EEOC charge relating to physical disability did not exhaust ADA claim premised upon mental disability).

    B. Timeliness

"An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading." FED. R. CIV. P. 15(c)(1)(B). "When applying this standard to the facts of a given case, [district courts must] . . . ask[] whether the party asserting the statute of limitations defense had been placed on notice that [they] could be called to answer for the allegations in the amended pleading." *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 516 (6th Cir. 2007); *see also Hall v. Spencer Cnty.*, 583 F.3d 930, 934 (6th Cir. 2009) (explaining that the relation back inquiry "must be [conducted] in light of the 'fundamental tenor of the Rules,' which 'is one of liberality rather than technicality'" (quoting *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000))).

Defendant argues that "Plaintiff's Title VII wrongful termination . . . and WPA claims are time-barred," and accordingly, futile. (ECF No. 38, PageID.214). Plaintiff concedes that the statute of limitations has run on these claims but contends that they are nevertheless timely because they relate back to her initial Complaint

10

under FED. R. CIV. P. 15(c). (ECF No. 36, PageID.150). Defendant is correct with respect to Plaintiff's WPA claim.

As described above, Plaintiff's Title VII retaliation claim does not mention wrongful termination. (ECF No. 36-2, PageID.179-80). Rather, the retaliatory actions Plaintiff alleges are "baseless disciplinary proceedings, fail[ure] to investigate numerous complaints, and . . . poor performance evaluations."[2] (ECF No. 36-2, PageID.179). These allegations are virtually identical to those cited in Plaintiff's initial ELCRA retaliation claim. (Compl. ¶ 38). Accordingly, Defendant "had been . . . on notice that [it] could be called to answer for [them]." *Bledsoe*, 501 F.3d at 516.

A slightly different analysis applies to Plaintiff's proposed WPA claim because it involves supplemental events that allegedly transpired after Plaintiff filed her initial Complaint. (ECF No. 36-2, PageID.184-85). While supplemental pleadings under FED. R. CIV. P. 15(d) ordinarily "need not arise out of the transaction or occurrence that gave rise to the original complaint," *Coleman v. Gullet*, Civil Action No. 12-10099, 2013 U.S. Dist. LEXIS 110276, at *13 (E.D. Mich. Aug. 6, 2013), a narrower standard governs supplemental pleadings that must relate back in order to be timely. *See Bromley*, 178 F.R.D. at 156. In such a case, relation back is

---

[2] One or more of these allegations is sufficient to constitute a "materially adverse" action, at least at the pleading stage. *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 596 (6th Cir. 2007) (describing this as a "relatively low bar").

11

appropriate where "the original pleading placed the defendant on notice that the disputed conduct was of a continuing nature," *Chesapeake & Ohio Ry. Co. v. U.S. Steel Corp.*, 878 F.2d 686, 690 (3d Cir. 1989), and the "supplemental pleadings address[] . . . the same conduct." *William Inglis & Sons Baking Co. v. Itt Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1981). *See Bromley*, 178 F.R.D. at 156.

Here, although Plaintiff's initial Complaint arguably chronicles a continuing pattern of harassment, as well as incidents of disparate treatment and retaliation, (Compl. ¶¶ 17, 29, 32, 57), Plaintiff's termination is a legally discrete harm. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Accordingly, it cannot be considered part of a continuing violation, especially since Plaintiff's theory—that she was terminated for "complain[ing] of unsafe work conditions to the police"—is completely unrelated to the claims raised in her initial Complaint. (ECF No. 36-2, PageID.184). Accordingly, Plaintiff's WPA claim is untimely and futile.

C. Preemption

Plaintiff's proposed Count X is a claim for termination in violation of public policy. (ECF No. 36-2, PageID.185-86). As Defendant correctly notes, however, "[a] public policy claim is sustainable . . . only where there also is not an applicable statutory prohibition against discharge in retaliation for the conduct at issue." *Dudewicz v. Norris-Schmid, Inc.*, 443 Mich. 68, 80 (1993). Here, because MICH. COMP. LAWS § 408.1065 prohibits discharge of an employee for complaining about

a safety issue and provides a remedy, Plaintiff's public policy claim is preempted and futile. *See Thompson v. Grede Foundries, Inc.*, No. 247587, 2004 Mich. App. LEXIS 2515, at *5 (Sep. 28, 2004).

D. <u>Failure to State a Claim</u>

Lastly, Defendant argues that Plaintiff's proposed PWDCRA claim, as well as her proposed amendments to her disparate treatment and hostile work environment claims, "fail to satisfy even the minimal requirements of notice pleading." (ECF No. 38, PageID.216). Defendant is correct as to the PWDCRA claim.

To satisfy FED. R. CIV. P. 8(a), a plaintiff "must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Detailed factual allegations" are not strictly necessary, "but the complaint must contain more than conclusions and an unsubstantiated recitation of the necessary elements of a claim." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). Critically, a plaintiff is not required "to plead 'specific facts establishing a prima facie case of [ADA] discrimination'" at this stage of the litigation. *Primm v.*

13

*Tenn. Dep't of Human Servs.*, No. 16-6837, 2017 U.S. App. LEXIS 15779, at *5 (6th Cir. Aug. 17, 2017) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)); *see also Blick v. Ann Arbor Pub. Sch. Dist.*, 516 F. Supp. 3d 711, 721-22 (E.D. Mich. 2021) (same principle applies to ELCRA claims); *Suarez v. Covenant House of Mich.*, No. 13-13802, 2014 U.S. Dist. LEXIS 34692, at *4-5 (E.D. Mich. Mar. 18, 2014) (same principle applies PWDCRA claims). Instead, a plaintiff need only "allege[] the statutory bases for their claims . . . and have set forth the factual predicate of those claims." *Lindsay v. Yates*, 498 F.3d 434, 440 (6th Cir. 2007).

In support of her PWDCRA failure to accommodate claim, Plaintiff alleges that in March 2019, she sent a doctor's note to Defendant's medical department stating that she was to be kept away from her harassers, and that Defendant did not comply. (ECF No. 36-2, PageID.165,183). However, Plaintiff's Proposed First Amended Complaint fails to identify the nature of the disability that Defendant allegedly failed to accommodate. The most Plaintiff offers is the conclusory allegation that she "is disabled under the meaning of the [PWDCRA] as being an individual with a physical or mental impairment that substantially limits one or more of the major life activities of such individual, has a record of such an impairment, and is regarded as having such an impairment." (*Id.* at 182-83). This is fatal to her claim. *See, e.g.*, *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("The defendant in a disability discrimination suit does not have fair notice when the

plaintiff fails to identify [their] disability."); *see also, e.g.*, *Alessio v. United Airlines, Inc.*, No. 5:17-cv-01426, 2018 U.S. Dist. LEXIS 197834, at *6 (N.D. Ohio Nov. 20, 2018) (dismissing disability claim where plaintiff "identified no 'physical or mental impairment' and no factual allegations to support a conclusion that any such impairment 'substantially limits one or more major life activities[.]'" (alteration in original) (quoting 42 U.S.C. § 12102(1)(A))). Accordingly, Plaintiff's PWDCRA claim is futile.

With respect to Plaintiff's claims under Title VII and ELCRA, "[t]he central inquiry . . . is whether an employer discriminated against an employee because of her 'race, color, religion, sex, or national origin.'" *Primm*, 2017 U.S. App. LEXIS 15779, at *5 (quoting 42 U.S.C. § 2000e-2(a)(1)) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *accord* MICH. COMP. LAWS § 37.2202(1)(a); *see also Ingarra v. Ross Educ.*, LLC, No. 13-cv-10882, 2014 U.S. Dist. LEXIS 21738, at *7 (E.D. Mich. Feb. 21, 2014) ("Both [Title VII and ELCRA] are analyzed under the same framework and require the same factual allegations.").

Plaintiff's Proposed First Amended Complaint states that she is an African American woman, provides examples of gendered and racialized harassment by fellow employees, including names and approximate dates, and alleges that her white male harassers were subject to more favorable treatment from supervisors despite her many complaints. At the pleading stage, these assertions are sufficient to

15

plausibly allege claims for disparate treatment and hostile work environment. Accordingly, Plaintiff's ELCRA and Title VII claims are not futile.

## Conclusion

**IT IS ORDERED** that Plaintiff's Motion for Leave to File a First Amended Complaint [36] is **GRANTED in part and DENIED in part**. Plaintiff's Motion [36] is **GRANTED** as to Counts I, II, III, IV, V, and VI; it is **DENIED** as to Counts VII, VIII, IX, and X.

**IT IS FURTHER ORDERED** that Plaintiff file an amended complaint consistent with this decision **within fourteen (14) days**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 7, 2022